# EXHIBIT A




# Your Missouri Courts

Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print

GrantedPublicAccess  Logoff SJWUND1966

**23SL-CC01308 - ANGELA FISCHER V SAZERAC COMPANY, INC. (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**

**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending  ○ Ascending

Display Options: All Entries

---

**03/30/2023** ☐ **Summons Issued-Circuit**
Document ID: 23-SMCC-2626, for SAZERAC COMPANY, INC..Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**03/27/2023** ☐ **Motion Special Process Server**
REQUEST FOR SPECIAL PROCESS SERVER FORM.

☐ **Filing Info Sheet eFiling**
    **Filed By:** DANIEL FRANCIS HARVATH

☐ **Note to Clerk eFiling**
    **Filed By:** DANIEL FRANCIS HARVATH

☐ **Pet Filed in Circuit Ct**
PLAINTIFFS CLASS ACTION PETITION.
    **Filed By:** DANIEL FRANCIS HARVATH
    **On Behalf Of:** ANGELA FISCHER

**03/27/2023** ☐ **Judge Assigned**
DIV 8

---

23SL-CC01308

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

## IN THE CIRCUIT COURT FOR ST. LOUIS COUNTY
## STATE OF MISSOURI

|  |  |
|---|---|
| **ANGELA FISCHER,** *individually and on behalf of all others similarly situated,* | ) ) ) ) **Case No. _____** |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) **JURY TRIAL DEMANDED** ) |
| **SAZERAC COMPANY, INC.** **DOES 1 through 10,** | ) **SERVE AT:** ) **[[SAZERAC COMPANY, INC.** ) **1001 Linn Station Road, Suite 400** ) **Louisville, KY 40223 ]]** |
| **Defendants.** | ) |

## CLASS ACTION PETITION

Plaintiff Angela Fischer, individually and on behalf of all others similarly situated, hereby files this Class Action Petition against Defendant Sazerac Company, Inc. ("Defendant") and DOES 1 through 10 (collectively "Defendants") for their false, misleading, and deceptive marketing of their products constituting breach of warranty, breach of implied contract, unjust enrichment, and violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA").

## I.    INTRODUCTION

1.    Defendant Sazerac markets and sells various alcohol-related products, including a smaller, one-shot-sized "Fireball Cinnamon" mini-bottle sold in 1.7 fl. oz containers (the "Product").

2.    The Product is designed to appear to a consumer to be a "mini" bottle of alcohol, like those commonly sold by various other brands, which contain the same distilled spirit as their "parent:



a.

1

3.      One popular example is Smirnoff Vodka.  The bottle comes in a regular-sized version, appearing as follows:



a.      and a "mini-" version that looks nearly the same.

4.      Importantly, as is the case with *dozens* of similar products, the Smirnoff "mini-" version *contains the same product as its regular-sized parent – distilled spirits,* specifically vodka.

5.      In similar fashion, the Product is designed to look nearly identical to its larger, highly-popular, full-sized, distilled-spirit counterpart: Fireball Cinnamon Whisky, which is a 33% by volume (66 proof) whisky with natural cinnamon flavor (shown below):



a.

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

6.      In the same fashion as other-brand "mini" bottles, the Product (below) appears nearly identical to its whisky-containing counterpart:



a.

7.      Even *side by side,* the bottles are still so similar that they easily deceive even the most discriminating consumer (*below,* left is parent; right is Product):



a.

8.      Notably, of course, even the slightest of differences between the bottles is almost impossible for a consumer, in the act of shopping, to distinguish, as they have no ability to conduct their

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

own side-by-side analysis.

9.      Discrimination any difference is rendered even harder for a consumer in light of the Product's small size, the Product often being sold in bins or racks of dozens of bottles, often advertised simply as being a "shot" – which is just one more indicator the Products contain whisky.



a.

10.     This being the case, a reasonable consumer cannot discern what is the deceptive and unfair secret about Defendant's Product: unlike nearly all of its competitors, Defendant's "mini" version, the Product, contains no whisky, or *any* distilled spirit, whatsoever.

11.     Rather, the Product is just a cinnamon flavored replica of its parent product, designed specifically to deceive consumers into believing they are purchasing a distilled spirit, Fireball Cinnamon Whisky, while saving Defendant money.

12.     Defendant's conduct is deceptive, unfair, and appears to have been intentionally done, as a whisky- and/or distilled-spirit-containing product is more expensive than a malt beverage. Defendant is cutting corners while cheating the buying public.

13.     Pursuant to the MMPA and the similar laws of various states, such practice is illegal.

14.     In addition, and/or in the alternative to the above, since the initial offering of the Products, each and every container of the Products has borne a uniformly-worded label falsely claiming the Products are "Fireball Cinnamon," to confuse consumers into believing the Product is a "mini" version of the whisky-containing Fireball Cinnamon whisky.  That uniformly-worded false statement

4

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

gives rise to additional and/or alternative claims under Missouri law.

## II.    PARTIES, JURISDICTION, AND VENUE

15.     Plaintiff Angela Fischer is a citizen and resident of St. Louis County, Missouri.

16.     Plaintiff brings this Class Action Petition individually and on behalf of a putative class of Missouri citizens, and only Missouri citizens.

17.     Defendant Sazerac Company Inc. is a Louisiana corporation with a principal place of business in Louisville, Kentucky.

18.     Defendant directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of Missouri. Defendant is the owner, manufacturer, and distributor of the Products, and is the organization that created and/or authorized the false, misleading, and deceptive packaging of the Products.

19.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  If necessary, Plaintiff will seek leave of Court to amend the Petition to reflect the true names and capacities of the DOE Defendants when such identities become known.

20.     Venue is proper in this Court because Plaintiff was injured in this venue and lives within this venue.

21.     This asserted class action comports with Missouri Supreme Court Rule 52.08 and with R.S.Mo. § 407.025(3) of the MMPA.  Plaintiffs' identities can be ascertained from Defendant's records, but are so numerous that simple joinder of all individuals is impracticable.  This action raises questions of law and fact common among Plaintiffs.  The claims of lead Plaintiff is typical of all Plaintiffs' claims. Named Plaintiff will fairly and adequately protect all Plaintiffs' interests, and is represented by attorneys qualified to pursue this action. More specifically:

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

22.     Class definitions:  Plaintiff Angela Fischer brings this action on behalf of herself and a class of similarly-situated Missouri citizens preliminarily-[1]defined as follows: All Missouri citizens who purchased the Products[2] during the Class Period in Missouri.  The Class Period begins five years prior to the date of the filing of this Petition, and ceases upon the date of the filing of this Petition.  Excluded from the Class and Subclass are: (a) any judges presiding over this action and members of their staffs and families; (b) the Defendants and their subsidiaries, parents, successors, and predecessors; any entity in which the Defendants or their parents have a controlling interest; and the Defendants' current or former officers and directors; (c) employees (i) who have or had a managerial responsibility on behalf of the organization, (ii) whose act or omission in connection with this matter may be imputed to the organization for liability purposes, or (iii) whose statements may constitute an admission on the part of the Defendants; (d) persons who properly execute and file a timely request for exclusion from the class; (e) the attorneys working on the Plaintiffs' claims; (f) the legal representatives, successors, or assigns of any such excluded persons; and (g) any individual who assisted or supported the wrongful acts delineated herein.

23.     Numerosity:  Upon information and belief, the Class includes thousands of individuals on a statewide basis, making their individual joinder impracticable.  Although the exact number of Class members and their addresses are presently unknown to Plaintiff, they are ascertainable from Defendants' records.

24.     Typicality: Plaintiff's claims are typical of those of the Class because all Plaintiffs were injured by the Defendants' uniform wrongful conduct, specifically, using misleading and deceptive marketing and advertising in offering and selling the Products to Plaintiffs.

25.     Adequacy:  Plaintiff is an adequate representative of the Class because her interests do

---

[1] Plaintiff reserves the right to propose, as needed, any different or other more- or less-specific class, classes, subclass, or subclasses as Plaintiff deems appropriate for purposes of class certification.
[2] As that term and label is defined herein.

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

not conflict with the interests of the Class members she seeks to represent, she has retained competent and experienced counsel, and she intends to prosecute this action vigorously.  The interests of the Class will be protected fairly and adequately by Plaintiff and her counsel.

26.     Commonality:  Common questions of law and fact exist as to all Class members and predominate over any questions affecting only individual members, such as: (a) whether the Defendant used deceptive or misleading marketing and advertising in selling the Products; (b) whether and to what extent the Class members were injured by Defendant's illegal conduct; (c) whether the Class members are entitled to compensatory damages; and (d) whether the Class members are entitled to declaratory relief.

27.     Superiority:  This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy.  The damages suffered by the individual Class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's wrongful conduct.  Thus, it would be extremely difficult for the individual Class members to obtain effective relief.  A class action presents far fewer management difficulties and provides the benefits of a single adjudication, including economies of time, effort, and expense, and uniformity of decisions.

## III.     BACKGROUND

28.     Defendant Sazerac markets and sells consumer food products, including a smaller, one-shot-sized "Fireball Cinnamon" mini-bottle sold in 1.7 fl. oz containers (the "Product").

29.     As noted, like other-brand "mini" bottles, the Product is designed to look nearly identical to its larger, highly-popular, full-sized distilled-spirit-containing counterpart: Fireball Cinnamon Whisky, which is a 33% by volume (66 proof) whisky with natural cinnamon flavor:

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM



a.

30.     As noted, the Product (below) appears nearly identical to its alcohol-containing counterpart (above):



a.

31.     As is apparent, even side by side, the bottles themselves will easily deceive even the most discriminating consumer:

8

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM



a.

32.     Frustrating the identical nature of the Product to its distilled-spirit-containing parent is the fact that consumers themselves generally are not able to compare the two side-by-side.

33.     Also apparent is that the liquid inside the Product and its whisky-containing counterpart is visually identical.

34.     The *only* distinguishable difference between the Product's label and its parent is that the Product does not state "Whisky" after "Cinnamon."  Beneath that, in *extremely* small font, is a label that states the Product contains "malt beverage with natural whisky & other flavors and caramel color."  Not only is that statement virtually unreadable, it further confuses a consumer into believing the Product contains actual whisky.

35.     Seeing "malt beverage with natural whisky …", a consumer could be forgiven for reading that phrase as actually *confirming* the false impression that the Product contains whisky, especially where the Product is almost identical to its whisky-containing parent.

36.     Unlike whisky, a distilled spirt, a malt beverage is based on fermentation to create a neutral base to which flavors and colors may be added.  A malt beverage is not whisky; and it is not a distilled spirit.

37.      In any event, the fine-print on the Product confusingly creates the impression that the

9

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

Product is a malt beverage with added whisky.

38.       Even where a distilled spirit is used to manufacture flavors, it loses its identity as a distilled spirit when blended with other ingredients (in other words, "whisky flavor" is not "whisky"). Whether a consumer knows this or not, the Product conveys the false impression that it contains whisky for this reason as well.

39.       And, again, all of this is done against a backdrop where at least *dozens* of competitor brands sell "mini-" bottles containing the same distilled spirit as their larger parent, *e.g.*.[3]



a.                                         (another example; the "mini" contains the same

distilled spirit, bourbon whiskey, as its larger parent).

40.       Defendant is taking advantage of this backdrop to conduct its own bait-and-switch operation.

41.       For all these reasons, a consumer is easily misled into believing they are purchasing a whisky-containing product.  This is especially true in light of the fact that the average consumer spends

---

[3] *See, e.g., https://www.thebottleclub.com/collections/miniatures* (one example of multiple online venues selling dozens of "mini" bottles.

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

less than 20 seconds making any individual in-store purchasing decision.[4]

42.     Most consumers shop in a relatively hurried fashion, and cannot stop to closely analyze every single product to decipher every deception.[5]

43.     Defendant knows this, and has purposely designed the Product to deceive consumers into falsely believing they are purchasing a product containing whisky.

44.     Indeed, numerous online media articles have noted, over the years, how deceptive the Product is, noting exactly how consumers are misled.[6]

45.     All of this conduct is deceptive and unfair, and violates the laws of Missouri and various other states.

46.     The Products' labels are deceptive and misleading in violation of the Missouri Merchandising Practice Act, and various other Missouri laws.

47.     Defendant knows that consumers are willing to pay more for products containing whisky and/or another distilled spirit, and Defendant advertises and sells the Products with the intention that consumers rely on the representation made on the front of the Products' packaging.

---

[4] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN (Jan. 13, 2015), https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-windown/ (citing *Shopping Takes Only Seconds… In-Store and Online*, EHRENBERG-BASS INSTITUTE OF MARKETING SCIENCE (2015)) (last visited March 14, 2023).

[5] *See, e.g., Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 481 (7th Cir. 2020) (stressing that reasonable consumers, in purchasing "everyday" items such as "low-cost groceries," are likely to exhibit a low degree of care); *Danone, US, LLC v. Chobani, LLC,* 362 F. Supp. 3d 109, 123 (S.D.N.Y. 2019) ("[A] parent walking down the dairy aisle in a grocery store, possibly with a child or two in tow, is not likely to study with great diligence the contents of a complicated product package, searching for and making sense of fine-print disclosures . . . . Nor does the law expect this of the reasonable consumer.").

[6] *See, e.g.,* CJ McIntyre, Since When Can You Buy Fireball at Gas Stations in the Hudson Valley?, Hudson Valley Country (May 14, 2021) https://hudsonvalleycountry.com/since-when-can-you-buy-fireball-at-gas-stations-in-the-hudson-valley/ (discussing deceptive practice);   Steve Barnes, Fireball whisky minis in a supermarket? Actually, no, Table Hopping Blog, Albany Times Union, (Apr. 8, 2021) https://blog.timesunion.com/tablehopping/67508/fireball-whisky-minis-in-a-supermarket-actually-no/ (same) ; *see also*  https://www.npr.org/2023/01/27/1151955120/fireball-whiskey-mini-bottles-lawsuit (discussing deceptive marketing)(2023).

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

48.     Plaintiff and other consumers purchased the Products due to their belief that the Products consist of Fireball Cinnamon whisky.

49.     Plaintiff and the Class made their purchasing decisions in reliance upon Defendant's advertised claims that that Products contain Fireball Cinnamon whisky.

50.     Plaintiff and the Class reasonably and detrimentally relied upon the Products' front labels indicating that the Products are Fireball Cinnamon whisky and/or contained whisky.

51.     Plaintiff and the Class would not have purchased the Products had they known that the Products are not Fireball Cinnamon whisky and/or do not contain whisky.

52.     Defendant's conduct threatens Missouri consumers by using false, deceptive, and misleading labels. Defendant's conduct also threatens other companies, large and small, who "play by the rules." Defendant's conduct stifles competition, has a negative impact on the marketplace, and reduces consumer choice.

53.     There is no practical reason for the false or misleading labeling and advertising of the Products, other than to mislead consumers as to the actual nature of the Products being purchased by consumers while simultaneously providing Defendant with a financial windfall.

### *Allegations Relating to All Plaintiffs*

54.     As noted, supra, since the initial offering of the Products, the containers on the front packaging of all of the Products has borne uniformly-worded labels falsely claiming the Product is "Fireball Cinnamon," giving the impression the Product contains Fireball Cinnamon whisky and/or contains whisky (the "False Claims").

55.     In reality, for all the reasons set forth supra, a reasonable consumer would find that the False Claims are false, misleading, unfair, and/or deceptive.

56.     Defendant, as the producer and exclusive seller and distributor of the Products, has been aware since the Products' inception, that the False Claims are in fact false.

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

57.     Despite this, Defendants purposely made the False Claims in order to induce the false belief in consumers that they were purchasing Fireball Cinnamon whisky and/or a product containing whisky.

58.     Plaintiff and the class members purchased the Products without being aware that the Products are not Fireball Cinnamon whisky and/or do not contain whisky.

59.     Defendant possessed specialized knowledge regarding the origin and production of the Products and their clams.

60.     In purchasing the Products, Plaintiff and the class justifiably relied upon the False Claims as accurate.

61.     Had Plaintiffs known that the False Claims were false, Plaintiffs would not have purchased the Products or would not have paid as much for the Products.

62.     Plaintiff intends to, seeks to, and will purchase the Products again when he can do so with the assurance the Product's representations are consistent with its actual composition.

63.     As the direct and proximate result of the False Claims, Plaintiff and the class members have suffered economic injury by being deprived of the benefit of the bargain they were promised by Defendant.

64.     By marketing, selling and distributing the Product to purchasers in Missouri, Defendant made actionable statements that the Products are Fireball Cinnamon whisky and/or contain whisky, but at all times failed to reasonably disclose that the Products were not.

65.     Defendant engaged in the above-described actionable statements, omissions and concealments with knowledge that the representations were false and/or misleading, and with the intent that consumers rely upon such concealment, suppression and omissions.

66.     Alternatively, Defendant was reckless in not knowing that the False Claims were false and misleading at the time they were made.

67.     As the distributor, marketer, producer, and seller of the Products, Defendant possessed specialized knowledge regarding the make-up and origin of the Products which the Plaintiff and the class members could not and did not review.

68.     All of Plaintiffs' claims are based on misleading statements that violate FDA regulations. Such claims do not seek to impose any additional or different obligations beyond those already required by such FDA regulations.

*Facts Particular to Plaintiff Angela Fischer*

69.     Plaintiff purchased the Product at one or more occasions within the statutes of limitations for each cause of action alleged, including at or around February 16, 2023 through February 19, 2023 at stores including Seven Eleven, 6197 Lemay Ferry Rd., Mehlville, Missouri, 63129.

70.     Due to the claims on the packaging, Plaintiff falsely believed she was purchasing Fireball Cinnamon whisky.

71.     Plaintiff thereafter purchased the Product.  Plaintiff purchased the Product for Plaintiff's personal, family and household use, specifically, to drink.

72.     At the time she purchased the Product, Plaintiff was unaware of the falsity of the Products' claims.

73.     She discovered that such claims were false after purchasing the Product.

74.     If Plaintiff had been aware of the falsity and misleading nature of Defendant's claims regarding the Product, she would not have bought the Product.

75.     When Plaintiff purchased the Product, she was injured by Defendant's illegally deceptive, false, and misleading conduct in marketing and selling the Product.

76.     Specifically, Plaintiff suffered an ascertainable loss because she did not receive the expected benefit of her bargain.

77.     When Plaintiff was purchasing the Product, due to the false claims upon the Product,

14

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

Plaintiff believed that she was purchasing Fireball Cinnamon whisky, or at least product containing whisky.

78.     The Product was not what it was purported to be. Plaintiff did not receive the value of what she bargained for; instead Plaintiff received a product that did not live up to one of its most-prominently advertised features, namely, containing a distilled spirit.

79.     Consequently, Plaintiff was damaged in the amount of the difference between the cost paid for the Product as represented and the actual value of the products.

80.     Although the aforementioned facts apply to named Plaintiff, for purposes of the proposed Class, all that is relevant is that Plaintiff and the class members, Missouri citizens, each and all purchased the Products at a time within the Class Period while in Missouri.

## CAUSES OF ACTION

### COUNTS RELATING TO THE MISSOURI CLASS

**COUNT ONE: BREACH OF WARRANTY UNDER MISSOURI LAW**

81.     Plaintiff hereby incorporates by reference and re-alleges each allegation set forth in each preceding paragraph of this Class Action Petition.

82.     Defendant sold the Product in its regular course of business. Plaintiff and the class members purchased the Product.

83.     Defendant made promises and representations in an express warranty provided to all consumers, namely the False Claims.

84.     The False Claims became the basis of the bargain between the Defendant and Plaintiff and each class member.

85.     Defendant gave these express warranties to Plaintiff and each class member in written form on the labels of the Product.

15

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

86.     Defendant's written affirmations of fact, promises, and/or descriptions as alleged are each a written warranty under Missouri law.

87.     Defendant breached the warranty because the False Claims were false.

88.     The False Claims were false when the sales took place and were undiscoverable to Plaintiff and the class members at the time of purchase.

89.     All conditions precedent to seeking liability under this claim for breach of express warranty have been performed by or on behalf of Plaintiff and the class in terms of paying for the Product.

90.     Defendant had actual notice of the false labeling information and to date has taken no action to remedy its breach of express and implied warranty.

91.     Defendant previously knew or should have known of the falsity of the False Claims on the Product due to, inter alia, Defendant's knowledge of the Product.

92.     Defendant has nonetheless refused to remedy such breaches.

93.     By placing the Product in the stream of commerce, and by operation of law and the facts alleged herein, Defendants also impliedly warrantied to Plaintiff and the class members that the Products were accurately labeled in conformance with the law.

94.     Defendant's breaches of warranty have caused Plaintiffs and class members to suffer injuries, paying for falsely labeled products, and entering into transactions they otherwise would not have entered into for the consideration paid.  As a direct and proximate result of Defendant's breaches of warranty, Plaintiff and class members have suffered damages and continue to suffer damages.

95.     As a result of Defendant's breach of these warranties, Plaintiff and class members are entitled to legal and equitable relief including damages, costs, attorneys' fees, rescission, and/or other relied as deemed appropriate, in an amount sufficient to compensate them for not receiving the benefit of their bargain.

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

**COUNT TWO: BREACH OF IMPLIED CONTRACT UNDER MISSOURI LAW**

96.     Plaintiff repeats and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

97.     By operation of law, there existed an implied contract for the sale of the Product between Defendant and Plaintiff and each class member who purchased the Product.

98.     By operation of Missouri law, there existed an implied duty of good faith and fair dealing in each such contract.

99.     By the acts alleged herein, Defendant has violated that duty of good faith and fair dealing, thereby breaching the implied contract between Defendant and each class member.

100.    As a result of that breach, Plaintiff and each class member suffered damages.

**COUNT THREE: UNJUST ENRICHMENT UNDER MISSOURI LAW**

101.    Plaintiffs repeat and reallege the allegations set forth in the preceding paragraphs as if fully set forth herein.

102.    Plaintiffs plead their claim for relief in the alternative to the contract claims set forth above.

103.    Plaintiff and the class members have conferred substantial benefits on Defendant by purchasing the Product, and Defendant has knowingly and willfully accepted and enjoyed those benefits.

104.    Defendant either knew or should have known that the payments rendered by Plaintiff and the class members were given and received with the expectation that the Product would be as represented and warranted.   For Defendant to retain the benefit of the payments under these circumstances is inequitable.

105.    Through deliberate misrepresentations or omissions in connection with the advertising, marketing, promotion, and sale of the Products, including the False Claims, Defendant reaped benefits, which result in Defendant wrongfully receiving profits.

17

106.     Equity demands disgorgement of Defendant's ill-gotten gains.   Defendant will be unjustly enriched unless Defendant is ordered to disgorge the unjustly obtained portion of profits for the benefit of Plaintiff and the class members.

107.     As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiffs and the class members are entitled to restitution from Defendant and institution of a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendant through this inequitable conduct.

## COUNT FOUR: VIOLATION OF THE MMPA – Misleading, False, and Deceptive Marketing

108.     Plaintiff hereby incorporates by reference and re-alleges each allegation set forth in each preceding paragraph of this Class Action Petition, as though fully set forth herein.

109.     Defendant's acts complained of herein occurred in and emanated from the State of Missouri.

110.     Plaintiff and all members of the Class are "persons" and the Products are "merchandise" as those terms are defined under the MMPA.

111.     As set out in this Petition, Defendant's marketing of the Product constitutes deception, false pretense, misrepresentation, unfair practice, or, at a minimum, the concealment, suppression, or omission of a material fact in violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. chap. 407 ("MMPA").

112.     As a result of Defendant's actions, consumers, including Plaintiff, were misled or deceived into believing that the Products they were purchasing were something they were not.

113.     Defendant's deceptive acts and unfair conduct caused Plaintiff and the Class Members an ascertainable loss within the meaning of the MMPA.

114.     Due to Defendant's illegal conduct, Plaintiffs are entitled to restitution of all funds improperly obtained by Defendants.

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

115.    Plaintiffs have been forced to hire attorneys to enforce their rights under the MMPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for an order certifying this action as a Missouri class action and appointing Plaintiff Angela Fischer as Class representative and her counsel as class counsel. Plaintiff requests that this court find that the Defendant is liable pursuant to the aforementioned Missouri common law claims; and/or violated the MMPA, and award Plaintiffs compensatory damages, restitution, and attorneys' fees, and such further relief as the Court deems just.

Respectfully submitted,

**DANIEL F. HARVATH, ESQ.**

By: /s/ *Daniel F. Harvath*
Daniel F. Harvath, #57599MO
**HARVATH LAW GROUP, LLC**
75 W. Lockwood, Suite #1
Webster Groves, MO 63119
(314) 550-3717
dharvath@harvathlawgroup.com
*Attorney for Plaintiff*

**23SL-CC01308**

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

March 27, 2023
_____
Date

_ANGELA FISCHER_____
Plaintiff/Petitioner

_____
Case Number

vs.

_____
Division

_SAZERAC COMPANY, INC._____
Defendant/Respondent

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now _PLAINTIFF ANGELA FISCHER_____, pursuant
                              Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
_Joshua Lee/ Agent of Evolution Process Srvs 5333 N. Tacoma, Indianapolis, IN 46220 317-362-0316_
Name of Process Server                    Address                                        Telephone

_____
Name of Process Server                    Address or in the Alternative                  Telephone

_____
Name of Process Server                    Address or in the Alternative                  Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                                SERVE:
_SAZERAC COMPANY, INC._____                      _____
Name                                                  Name
_CT Corporation Systems - 120 S Central Ave. Suite 400_    _____
Address                                               Address
_St. Louis, Missouri, 63105_____                _____
City/State/Zip                                        City/State/Zip

SERVE:                                                SERVE:
_____                       _____
Name                                                  Name
_____                       _____
Address                                               Address
_____                       _____
City/State/Zip                                        City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                     _/s/ Daniel F. Harvath_____
                                                      Signature of Attorney/Plaintiff/Petitioner
                                                      _MO # 57599_____
By _____/s/Adam Dockery_____                     Bar No.
Deputy Clerk                                          _75 W. Lockwood, Webster Groves, M0 63119_
                                                      Address
3/30/2023                                             _(314) 550-3717_____
_____                       Phone No.                      Fax No.
Date

CCADM62-WS    Rev. 07/19

Electronically Filed - St Louis County - March 27, 2023 - 04:49 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)     Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)     The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)     Appointments may list more than one server as alternates.

(B)     The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)     Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)     No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)     Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://wp.stlcountycourts.com > forms.

(F)     This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/04/2023
CT Log Number 543557309

## Service of Process Transmittal Summary

**TO:**     Mary Tortorice
               Sazerac Company, Inc
               10101 LINN STATION RD
               LOUISVILLE, KY 40223-3848

**RE:**     **Process Served in Indiana**

**FOR:**    SAZERAC OF INDIANA, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANGELA FISCHER, individually and on behalf of all others similarly situated vs. SAZERAC COMPANY, INC |
| **CASE #:** | 23SLCCO1308 |
| **PROCESS SERVED ON:** | C T Corporation System, Indianapolis, IN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/04/2023 at 13:47 |
| **JURISDICTION SERVED:** | Indiana |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air |
| | Image SOP |
| | Email Notification,  Mary Tortorice  mtortorice@sazerac.com |
| | Email Notification,  PAM SARGENT  psargent@sazerac.com |
| | Email Notification,  Maurice Loebl  mloebl@sazerac.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 334 North Senate Avenue |
| | Indianapolis, IN 46204 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                           Tue, Apr 4, 2023
**Server Name:**                    Chris Gregory

| Entity Served | SAZERAC OF INDIANA, LLC |
|---|---|
| Case Number | 23SL-CC01308 |
| Jurisdiction | IN |

| Inserts | | |
|---|---|---|
| | | |





# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DEAN PAUL WALDEMER | Case Number: 23SL-CC01308 | |
|---|---|---|
| Plaintiff/Petitioner:<br>ANGELA FISCHER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DANIEL FRANCIS HARVATH<br>PO Box 440393<br>ST LOUIS, MO 63144 | |
| Defendant/Respondent:<br>SAZERAC COMPANY, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** **SAZERAC COMPANY, INC.**
        **Alias:**

**CT CORPORATION SYSTEMS**
**120 S CENTRAL AVE SUITE 400**
**ST LOUIS, MO 63105**



**COURT SEAL OF**

**ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition. SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

    **30-MAR-2023**
       **Date**                                    **Clerk**

    **Further Information:**
    **AD**

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
    _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____      _____
    Printed Name of Sheriff or Server                                 Signature of Sheriff or Server
    **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____      _____
                             Date                                  Notary Public

| **Sheriff's Fees, if applicable** | | | |
|---|---|---|---|
| Summons | $_____ | | |
| Non Est | $_____ | | |
| Sheriff's Deputy Salary | | | |
| Supplemental Surcharge | $_____10.00_____ | | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) | |
| **Total** | **$_____** | | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

<u>**Purpose of Notice**</u>

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

<u>**Your Rights and Obligations in Court Are Not Affected By This Notice**</u>

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

<u>**Alternative Dispute Resolution Procedures**</u>

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1)** <u>**Advisory Arbitration:**</u> A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** <u>**Mediation:**</u> A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73